[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION FOR ALIMONY PENDENTE LITE
CT Page 15917
The defendant initially filed a motion for temporary alimony on June 25, 2001.
A similar and subsequent motion was filed by the defendant on October 2, 2001 seeking the same relief.
The plaintiff and the defendant with their respective attorneys appeared before the court on November 26, 2001 and testimony was received by the court, and in addition thereto, certain exhibits were offered on behalf of the defendant and the matter was heard to a conclusion.
The defendant presently holds the position of being a teaching assistant at Texas Tech University in Lubbock, Texas. Reference is made to the Defendant's Exhibit 1, his employment contract setting forth the terms and conditions of his compensation, which according to the exhibit, is to the following effect: "Contingent upon funding, your salary for the period will be $8,500.00." The period of the employment is defined as the Fall of 2001 and Spring of 2002 semesters.
Other terms and conditions appear and are set forth in Defendant's Exhibit 1 concerning the defendant's employment and the terms under which he will be employed.
The defendant's educational background is in the fine arts and he is presently doing further works in that type of educational study on a graduate basis.
The defendant initially graduated from Texas Tech in 1979. His monthly salary is to the amount of $944.44.
At an earlier point in time, the defendant was employed at the Schubert's Theater in New Haven where he was a property manager.
Four and a half years ago the parties removed their residence to Holland incident to job considerations involving the plaintiff and her employment.
While in Holland, for a time, the defendant was employed as a writer. He did a weekly newsletter which involved efforts amounting to 10 or 15 hours a week.
The total amount received by the defendant for his employment efforts in Holland luring his stay amounted to approximately $16,000.00. CT Page 15918
The plaintiff's employment activities require her being away from the home for as much as six months out of the year. Mindful of her travel requirements, the defendant attended to matters of maintaining the residence, shopping and matters of like nature.
The defendant testified as to having a certain health problem involving the aortic valve and indicated that he has been referred to a cardiologist and that surgery is a possibility.
Incident to his present duties, the defendant teaches two sessions of laboratory work in the Texas job. He participates in theater matters, ticket agent activities and matters of like nature. The tuition cost to the defendant at Texas Tech presently is $3,300.00 per semester.
The defendant apparently has health insurance incident to the Texas Tech job in addition to his being comprehensively covered in that health area by coverage that his wife has in place.
The defendant offered the lease agreement by which he occupies a certain residence in Texas. (See Defendant's Exhibit 2.) The rental premises are known as 3410 28th Street, Lubbock, Texas and amount to $850.00 a month. The lessor/landlord is a long-time friend of the defendant and occupies a portion of the premises.
The defendant apparently has no automobile at his Texas location and indicated that he gets about from point to point with a bicycle.
A former joint account between the plaintiff and the defendant while they were in Holland was to the amount of $100,000.00 by virtue of depletions therefrom and apparently it is now approximately $45,000.00. Some of the funds were taken by the defendant when he removed himself from Holland to this country and the Texas job.
The defendant's request is for $600.00 a week in temporary alimony.
The defendant is age 45.
The testimony was to the effect that the defendant never worked on a full-time basis while in Holland.
Neither the plaintiff nor the defendant apparently are conversant in the Dutch language; however, English is apparently relatively universal in Holland and did not constitute a problem.
The defendant's testimony was to the effect that since returning to the United States he has made inquiry with regard to different possibilities CT Page 15919 for employment.
The defendant has a college degree in the theater and arts and of course has done graduate work incident thereto and has presently reembarked on an educational venture at Texas Tech in the same vein.
The plaintiff does not have a college degree, graduated from high school and attended college for 1-1/2 years.
At the time of the defendant's return to this country, he took $7,500.00 from a joint account which went for counsel fees. Subsequently with the cooperation of the plaintiff, the defendant has received two subsequent remittances, each in the amount of $10,000.00.
The defendant is not presently on any medication for any medical condition.
The reason for the parties relocating to Holland was to the effect that the plaintiff's employment activities required her to have an office in Europe.
The plaintiff is age 50.
The defendant's average income over the last few years has been in the approximate amount of $30,000.00 a year. The defendant voluntarily left his position at the Schubert Theater post.
The defendant represented that he looked for jobs on the Internet. He characterized his skills as being theater literate, extensive and versed, computer savvy and that he had a good earning capacity.
There was a problem in Holland with regard to a motor vehicle. The equitable interest at least of which belonged to the plaintiff's employer but the matter was resolved.
The plaintiff leases the home in which she resides in the Netherlands. The home is used by others who are allied with the business she is employed by and the plaintiff is often times a caretaker for the company home.
The property at 212 Blood Street in Lyme, Connecticut reflected on the plaintiff's financial affidavit is a property in her name alone inherited from her late father. The premises are now rented. The 6-1/2 acres of land referred to were a gift from her mother. It is in an "open land" status. The plaintiff is also a participant beneficiary in the so-called Beckett Hill Trust. This involves her siblings and a cousin. CT Page 15920
The plaintiff reiterated that her existing comprehensive medical coverage covers the defendant and should be used and utilized by him.
The plaintiff evidenced a willingness to assist in a moderate degree the defendant in his present late in life activities for further degrees or education in the theater arena.
According to the defendant's financial affidavit, his weekly gross is $218.01; net, $189.00; weekly expenses including his school tuition, $494.68. The defendant's affidavit reflects total cash value of all assets, $206,681.00.
On the plaintiff's financial affidavit, her position is listed as an administrative assistant for Goldratt Institute in Holland; weekly gross, $2,115.00; net, $1,208.00; weekly expenses, $1,265.00; total value of all assets, $513,975.00.
It would appear that the plaintiff's position with Goldratt Institute is one of longstanding and one which apparently requires travel intensive administrative activities and matters of like nature, mindful of the nature of her compensation. It would appear that the plaintiff is a hard worker.
The defendant, on the other hand, has decided late in life to go back to school with an extremely modest stipend for compensation.
Mindful that there is flexibility in the amount of the itemized deductions reflected on the plaintiff's financial affidavit, the court directs that the plaintiff shall pay to the defendant the sum of $325.00 a week as temporary alimony until such time as the matter is heard on its final merits.
Austin, JTR